Booth vs. Goodwin et al.

BOOTH VS. GOODWIN et al.

1. HOMESTEAD: *Infant cannot abandon.*
   Minors are incapable, by act or declaration, of waiving or abandoning the homestead right.

2. — *Nature of the occupancy required of infants.*
   It is the duty of the guardian to take possession of the homestead and rent it for the benefit and support of the ward, and this is the occupancy contemplated by the statute.  (Act of 1852.)

3. — *Effect of the act upon the rights of creditors.*
   The effect of the homestead act of 1852 was to suspend the rights of creditors until the child or children should become of age, at which time the creditors would be entitled to satisfaction out of the homestead.

4. — *Ejectment will lie for the recovery of.*
   During the existence of the homestead right, the children have such an estate and right of possession as will enable them to maintain ejectment for the recovery of the land.

APPEAL from *White* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*Coady & McRea* and *Turner & Moore*, for appellant.

*Pomeroy* and *Isbell, contra.*

WALKER, J.   E. C Goodwin, the father of defendants, resided with his family, consisting of a wife and four children, upon a tract of 160 acres of land, in the county of White, of which he was the owner.   He was a citizen of the state, the head of a family, a householder, and an actual resident upon the land with his family, at the time of his death, which took place in January, 1864.  His widow and children continued to reside upon and occupy the homestead place until the summer of that year, at which time she died, leaving the defendants, her minor children, the oldest but fourteen years of age, upon the place.   Jones, the uncle of the children, who

resided on an adjoining tract, took the children to his house to be taken care of, and provided for them, and for two years after, cultivated the land as a means of support for the children.

In the fall of the year 1865, Hicks was appointed administrator of the estate of Goodwin, and took the homestead place with other lands, into possession, and rented them for several years, and, under an order of the probate court, sold them to the appellant, Booth, and made him a deed for them. Booth entered upon the lands and claimed them as his. He was notified at the time of his purchase that the heirs of Goodwin claimed a homestead right upon the lands.

The heirs, by their next friend, brought suit for the possession of the 160 acres of land, under their homestead claim.

The defendant, in his answer, does not controvert the fact that Goodwin was, in his lifetime, entitled to a homestead upon the land, or that the plaintiffs were and are minors, but positively denies the actual occupancy of the children, charges that they had abandoned the homestead place, and that he, Booth, had bought and paid for it under an order of the probate court. That the lands were unoccupied when he bought them; that he entered upon them in good faith, and has made valuable repairs.

Upon this issue the jury found a verdict for the plaintiffs, upon which judgment in their favor was rendered.

The questions of law and the evidence were properly preserved by bills of exceptions, and present but one important question for our consideration, which is: Is it necessary that the minor children of a deceased parent, who was entitled to a homestead exemption upon land, should also actually reside upon and continuously occupy the same, in order to protect their homestead right to it; or, in other words, should the same construction be given to the statute which requires actual occupancy of the father and of the mother to pro-

tect them from creditors, be also extended to the minor children ?

All of the questions likely to arise under the homestead act have heretofore been settled by our former decisions, in the cases of *Tumlinson v. Swinney*, 22 Ark., 404 ; *Norris v. Kidd*, 28 id., 485 ; *Chambers v. Sallie et al., ante* 407 ; and *Johnston's Heirs v. Turner, Adm'r, ante* 280.    The two last were decided at the present term of the court.

In the case of *Johnson's Heirs v. Turner, Adm'r*, the facts were that the administrator, as in this case, had taken possession of the real estate of the intestate, upon which, however, the heirs had at no time resided.   It was held that the domicile of the parents was also the domicile of the children ; that an abandonment of the homestead place by the mother, whether by marriage and removal to the residence of her husband, or otherwise, could in no wise affect the homestead rights of the minor children.   And it was also held that no temporary absence of the head of the family amounted to such abandonment as would deprive minors or her, of their homestead rights.

The question of abandonment is one of fact, to be determined by the acts and declarations of parties competent to act for themselves, and the evidence which would establish an abandonment by adults competent to act for themselves, must fall far short, indeed, must entirely fail to visit a like consequence upon minors, who, it has been seen, can make no home for themselves, but are subject to the control of parents or guardians, and, when the statute says: "That the homestead shall be exempt from sale or execution during the time it shall be occupied by the widow, child or children," should we give it the same construction that we would in a case involving the homestead rights of the father or the mother, who may, at their pleasure, continue to occupy or not, we would;

in most instances, utterly defeat the provisions of the statute in favor of the rights of children.

The intention of the legislature evidently was to extend to the child or children the same protection of the property from sale by the creditor, which had been extended to their parents, and as it is our duty, as far as possible, to carry this intent into effect, we must · necessarily give to the term " occupied " such a liberal construction as will uphold, not defeat, the humane intent of the legislature; and must hold that an infant is incapable, either by act or declaration, of abandoning or waiving his homestead right; not to do so, would be to defeat the provisions of the statute as to them. Actual occupancy of the infant upon the homestead place is not necessary, is not required of an infant. It is the duty of his guardian to take possession of the homestead place, and to rent or lease it for the benefit of his ward, as a means for his support and education, and this must have been the possession and occupancy contemplated by the legislature, because it is the only one consistent with the condition of the minor child or children.

It is true that there may be cases in which a friend, a relation or a guardian may remain with the children upon the homestead place. But in such cases as the present, when children are too young to take care of themselves, a relative or a guardian may well take them from the premises to reside with them, and take care of them, and in doing this the infants could lose no right whatever, and such removal was no evidence that they had abandoned or relinquished their right of homestead. The effect of the homestead act was to suspend the rights of the creditor until the child or children became of age, and are presumed to be capable of taking care of and of supporting themselves, at which time, and not before, the rights of the creditors to satisfaction out of the estate may be asserted.

It has been contended that these children have no such title to the land or the possession thereof, as will entitle them to sue in ejectment. In this we think the counsel mistaken. It is true that the homestead act confers no title to the land, but merely a protection from sale whilst occupied, and to this extent suspends the rights of the creditors; but the land remains all the while the estate of the father, in which, until it is found necessary to dispose of it to satisfy the creditors of the estate, the children and heirs have such an estate, coupled with their right to immediate possession, as entitles them to sue for its recovery.

This view of the effect of the homestead act and of the rights of the plaintiffs under it, in effect, disposes of all the other questions presented for consideration. Upon the whole case, the decision and judgment of the court below is correct.

Let the judgment be affirmed.