## WARD ET AL. v. MAYFIELD.

1.  HOMESTEAD :   *Tenant in common entitled to.*
   A tenant in common is entitled to a homestead, exempt from execution, , in the common estate, and on his death the right descends to his· widow and heirs.

APPEAL from *Independence* Circuit Court in Chancery. Hon. R. H. POWELL, Judge.

*U. M. & G. B. Rose,* for appellants.

Under the constitution of 1868, it was decided that a. tenant in common was entitled to a homestead.   *Green-- wood & Sons v. Maddox & Toms, 27 Ark., 659.*   Our present constitution differs in no material respect, in regard to homesteads from that of 1868.

On the death of a tenant in common, his widow and minor children are entitled to homestead.   *Williams v. Wethered,. 37 Tex., 130; Horn v. Tufts, 39 N. H., 478.*

*H. S. Coleman,* also for appellants.

Wherever the *right* of homestead existed in the husband. at the time of his death, the same right descends to the.

Ward et al. v. Mayfield.

widow and children, A tenant in common is entitled to a homestead. *Freeman Cot. and Past.*, sec. *55; Sentell v. Armor, 35 Ark.*, *49; Freeman on Ex,*, sec. *243; Thompson on Homest. and Exemp.*, sec. *181, 188; Greenwood v. Maddox & Toms, 27 Ark., 648; Johnson et al. v. Turner, 29 Ark., 288; 25 Ill., 610; 18 Tex., 43; 33 Wis., 503; 21 Mo., 510; 34 Barb., 364; 25 Ark., 101; 46 Vt., 345; 39 Ark., 301; 22 Ark., 400; 24 Ark., 155; Const. 1876, art. 9, sec. 6.*

*Butler & Neill*, for appellees.

If Harrison Peel died the *owner* of a homestead, it descended to his widow and minor heirs. *Sec. 6, art. 9, Const. 1876.* But the ownership of an *undivided* five-sevenths of certain lands gave him no such rights, He was not the *owner* in severalty of any part of the land. Before division of the land he could not have selected and acquired a homestead upon any particular one hundred and sixty acres or less. To constitute a homestead, he must be not only married or the head of a family residing upon the land but must be the *owner* of it, *29 Ark., 288;* and *Const. 1874, art. 9, sec. 4.* The right must be perfect *in him* in his lifetime, irrespective of any act of wife or children. *29 Ark., 288.* Peel not having taken the necessary steps in his lifetime to create for himself a homestead, his widow and children cannot do it after his death. *Ib; Hoback v. Hoback, 3 Ark., 604.*

SMITH, J. Harrison Peel died intestate in 1877, the owner of an undivided interest of five-sevenths in two hundred and forty acres of land in Independence county, upon which he resided. There was a deed of trust upon three-sevenths of one tract of eighty acres, and this portion of his estate was, after his death, swept away by foreclosure and sale. His widow and three infant children who survived him united with the owner of the other interests in a peti-

HOME-
STEAD:
Tenant in
common
and his
widow and
heirs en-
titled to
out of
common
estate.

tion to the circuit court in chancery, praying for a partition and that Peel's share might be set apart as a homestead for the widow and children. It was stated in the petition that, upon a division, the part which might be allotted to those claiming through Peel could not exceed one hundred and sixty acres in quantity, nor $2,500 in value.

To this proceeding, Peel's administrator was, upon his own application, made a party defendant, and he filed an answer and cross-bill, setting up that debts to a large amount had been proved against his intestate and that it would be necessary to resort to the real estate to pay them. In his answer he incorporated a demurrer, questioning the right of the widow and minor heirs to a homestead in the land, because it appeared that the deceased owned only an undivded part. This demurrer to the claim of homestead was sustained and the circuit court proceeded to render a decree of partition between the petitioners, and that Peel's widow be endowed of one-third of the lands set out for her husband's share.

The cases that have been decided in other States, are in hopeless conflict on the question whether a homestead can be claimed in lands held in common. They are collected in *Thompson on Homestead and Exemptions, secs. 180–8.*

But in this State the question has been settled in favor of the right, at least under the constitution of 1868, by the case of *Greenwood & Son v. Maddox & Toms, 27 Ark., 648,* which has been followed by *Sentell v. Armor, 35 Ark., 49,* and by *Sims v. Thompson, 39 Ark., 301.*

The homestead provisions of our present constitution are not materially different from those of the former constitution, so far as this question is concerned. Both provide that the homestead shall be owned and occupied as a residence; and both are silent as to the character of the estate out of which the homestead is to be carved. Looking to the ultimate purpose of such provisions—the protection of the debt-

·or's family against the vicissitudes of fortune—our opinion is, that the constitution protects whatever title or interest the claimant has ; and the mere fact that another person is interested with him in the lands ought not to deprive him of the right.

Peel was entitled to a homestead in his lifetime and whatever right existed in him at the date of his death ·descended to his widow and minor children. *Constitution of 1874, art. 9, sec. 6; Johnston v. Turner, 29 Ark., 280.*

Reversed and remanded with directions to overrule the ·demurrer to the petition, and to decree homestead to the widow and infant children.