## THOMPSON *v.* KING.

Decided November 29, 1890.

1. *Homestead — Who may claim.*
   Any resident of the State of either sex who is married, or the head of a family, is entitled to the exemption of the homestead.

2. *Curtesy yields to homestead.*
   The husband's right of curtesy in the homestead of his wife, during the minority of her children, yields to their right to occupy the homestead.

3. *Homestead — Tenant in common.*
   One may have a homestead in land held in common with another.

APPEAL from *Monroe* Circuit Court in Chancery.
M. T. SANDERS, Judge.

Action by Maggie Thompson, a minor, against her stepfather, William King, and his children, Romey and Ida

54    9
56   144
56   623,
54    9
58   301
54    9
60   479
54    9
65   359
54    9
f66  285
54    9
71   597
54    9
e73  267
73   268
74   595
75   206

King, for an accounting of her share in the rents and profits accruing from her mother's homestead estate in certain land of which she died seized jointly with another. The court sustained a demurrer to the complaint.

*John C. Palmer* and *J. S. Thomas* for appellant.

1. The curtesy of King is not superior to the homestead right of the children, but the latter, which is a constitutional right, must prevail. Art. 9, secs. 3, 6, 10, const. 1874. A married woman has a homestead under these sections in her own right, and it descends to her children on her death. See 13 S. W., 924; 8 S. W., 793; 46 Ark., 159.

*Stephenson* and *Trieber* for appellees.

The curtesy might well prevail over the homestead right of the children. 67 Ill., 55; Thomps on Homest., secs. 592 to 595, 513 *et seq.*; 8 S. W. Rep., 793; 96 Mo., 142; 44 Tex., 179; 47 Ark., 175.

BATTLE J. Mary Thompson was the owner in fee simple of one undivided half of the southwest quarter of section 36, in township 1 north, and in range 3 west. She was the mother of Maggie Thompson. Three years after the birth of Maggie she married William King. Two children, Romey and Ida King, were the issue of this marriage. At the time of her marriage she occupied this land as her homestead, and after her marriage she and her husband and children continued to occupy it in the same manner so long as she lived. She died intestate, leaving her husband surviving, and Maggie Thompson and Romey and Ida King her only heirs. The heirs are minors. Maggie claims that she and the other heirs are entitled to hold the land as a homestead during their minority, it being the homestead of their mother and her husband and children at the time of her death, and her mother having died the owner thereof. On the other hand William King, the husband, claims the right to hold it as tenant by the curtesy. Have the children the right to hold it as the homestead of their mother during their minority?

No dates of marriage, births or deaths are given in the record. It is conceded, however, by all the parties that the right of the children to hold the land in controversy as a homestead depends on the constitution of 1874.

Section 2 of article 9 of the constitution provides: "The personal property of any resident of this state, who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of five hundred dollars in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court on debt by contract." In construing this section in *Memphis & Little Rock Ry.* v. *Adams*, 46 Ark., 159, this court held that the expressions, married or the head of a family, "are not synonymous, or mere equivalents the one for the other;" and that all of either sex, who are either married or the heads of families, are entitled to the exemption therein allowed.

The same expression is used in section 3 of the same article. It provides that the homestead of any resident of this state who is married or the head of a family, shall not be subject to the lien of any judgment or decree of any court, or sale under execution, or other process thereon, except as therein provided. The expression, "who is married or the head of a family," is used in both sections in the same sense. The objects of both are alike, and there is no good reason why the same class of persons should not be entitled to the benefits of both. The object of the third is to protect the home of the married and the family against seizure or sale, and no reason can be advanced why the land of the wife occupied as the home of the husband and his family should not be protected as well as the land of the husband should be when it is the homestead.

Section 6 provides what disposition shall be made of the homestead when the owner dies. It provides: "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right,

*Margin notes:*
1. Who may claim a homestead.
2. Curtesy yields to homestead.

the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at 21 years of age —each child's right to cease at 21 years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate." Its terms, and the reason upon which it is founded, show that the minor children were thereby intended to be provided for during their minority, independently of the widow, or the existence of the widow. For the same section expressly provides that, in case of the death of the widow, all of the homestead shall be vested in the minor children. "If the necessities of the children, with the care and protection of the mother, were the objects of special provision, it is manifest that they must have been much more the subject of provision when deprived of their mother." We think that this section was never intended to make their right to occupy the homestead depend on the owner leaving a widow at the time of his death; and that the minor children of a deceased owner are solely entitled to the homestead, during their minority, in all cases where there is no widow surviving. To prevent a different construction being placed on it, section 10 of the same article expressly provides that the homestead shall inure to the benefit of the minor children after the decease of the parents.

But it may be said that the effect of section 10 is to deny to the minor children the right to the homestead, during the life of the father, in the event the owner of the homestead was their mother, and she died and left them surviving. But this is not true. For if such was its effect, it would be in conflict with the plain and manifest intent of section 6. To avoid such conflicts the two sections should be construed

together, and, construed in this wise, section 10 would be of effect in cases where the father was the owner of the homestead and left minor children, but no widow, at his death, or, having left one, she afterwards died; or the mother was the owner and died leaving minor children, but no husband, surviving, and like cases. In all cases section 6 governs the disposition of the homestead during the life of the widow and the minority of the children.

Under the constitution the wife may be the owner of the homestead. No provision as to the homestead owned by her at her death is made for the husband in the event he survives her. As she cannot leave a widow, her minor children are entitled to such homestead during their minority and the husband is not entitled to take possession of and hold it as a tenant by the curtesy until their homestead right expires. His right to curtesy must yield to the superior right guaranteed to the minor children by the constitution.

Mrs. King had a right to the homestead in the estate in the land in controversy held by her and her co-tenant in common. *Greenwood* v. *Maddox*, 27 Ark., 648; *Sentell* v. *Armor*, 35 Ark., 49. This right descended to her minor children at her death.

*3. Homestead in estate in co-tenancy.*

Reversed and remanded