# LITTELL *v.* JONES.

## Opinion delivered April 30, 1892.

| 56 | 139 |
| 60 | 181 |
| 56 | 139 |
| e73 | 207 |
| e73 | 269 |
| 73 | 270 |

1. *Deed of trust—Delegation of power of sale.*

    If it be conceded that a trustee can delegate his power to sell under a deed of trust, one who relies upon a sale thereunder made by another than the trustee, to whom it is alleged the trustee delegated such power, must prove such delegation.

2. *Curtesy—Vested Estate—Homestead.*

    Prior to the adoption of the constitution of 1874 a husband by marriage acquired no vested estate of curtesy in his wife's land until birth of issue; where issue were born since that time, his right of curtesy in the wife's homestead yields, during their minority, to her children's superior right to hold the homestead.

3. *Execution sale—Estate of curtesy.*

    A purchaser at execution sale of the right of curtesy of a husband in his deceased wife's homestead, subject to the homestead rights of her minor children, acquires the husband's interest, but no right of enjoyment of the homestead during the minority of the children.

4. *Mortgage—Marshalling assets.*

    Where minor children claim a homestead in a part only of the land left by their mother, all of which was subject to a mortgage executed by her, the part not claimed should first be sold to satisfy the lien to which the right of the children was subject.

5. *Statute of frauds—Sufficiency of receipt as memorandum.*

    A receipt is insufficient as a memorandum to satisfy the statute of frauds which does not disclose the terms of the contract nor even furnish intimation of the essential provisions of the agreement.

6. *Statute of frauds—Agreement to release land.*

    A contract by the purchaser of land at execution sale, made after the period for redemption has expired, to relinquish his claim against the land is not a contract for the redemption of land, but for the sale of an interest in or concerning it, within the statute of frauds; where such contract is repudiated, payments made under it should be refunded.

Appeal from Saint Francis Circuit Court in Chancery. MATTHEW T. SANDERS, Judge.

Action by John I. Jones, as next friend of the minor children of Mrs. E. R. Richards, deceased, against Philander Littell. The original complaint alleged that the minors were entitled to a homestead in 160 out of 240 acres of land, 80 acres of which was situated in Lee county, the remainder in St. Francis county; that the land belonged to their mother, at her death in 1879; that she derived title by inheritance from her father in 1867; that in 1869 she was married to J. E. Richards, father of plaintiffs, and occupied the land as homestead until her death; that during her life she had joined with her husband in a deed of trust to Wynne, Dennis & Beck to secure an indebtedness, part of which remained unpaid; that after her death Dunn & Wills obtained a judgment against J. E. Richards, her husband, and on an execution issued thereon the land was sold and bought by defendant, Littell. The prayer was that the 160 acres in St. Francis county be set apart and decreed to be the homestead of the minors; that the remainder of the land be first sold to satisfy the indebtedness to Wynne, Dennis & Beck, secured by the deed of trust; and that the purchase of defendant under the execution be canceled as to the homestead part of the land.

A supplemental complaint alleged that, during the pendency of the action, all matters in controversy were settled with defendant, by his agreeing to accept the amount due on the Dunn & Wills judgment, which had been bought by him, and to relinquish all his right and title to the land to the minor children; that, by terms of that agreement, J. E. Richards was to pay $200 in cash to Littell, balance in six months; that, in pursuance thereof, J. E. Richards paid to W. H. Howes, attorney of record for Littell, $200, and took the following receipt: "Received of J. E. Richards two hundred

dollars on account of the amount due Philander Littell as assignee of Dunn & Wills upon a judgment obtained in the name of said Dunn & Wills in the St. Francis circuit court against said J. E. Richards ; this money being received in and upon agreement of compromise, whereby said Richards has agreed to pay off said judgment, and interest due thereon, within six months from this date. [Signed] W. H. Howes, Atty. for Philander Littell." That the balance was tendered within six months, but was refused ; and such balance was paid into court subject to final decree. The supplemental complaint also alleged that, during the pendency of the suit, defendant became the owner of the note and mortgage held by Wynne, Dennis & Beck ; that plaintiffs through their father offered to pay off the mortgage debt, but defendant refused the money ; that defendant fraudulently procured one Aldridge to make a sale of the land without authority from the trustee, J. W. Wynne, and defendant purchased the land for an inadequate price, and took possession thereof. The prayer of the supplemental bill was that the terms of the settlement be enforced, and defendant divested of title under the execution sale ; that his purchase under the mortgage be cancelled, and that he be compelled to account for rents and profits.

Defendant answered, stating that J. E. Richards, the father of the minor plaintiffs, had a life estate by curtesy in the lands sold under execution ; that he bought the lands at the Dunn & Wills' execution sale, and thereby became the owner. He denied that had ever entered into any compromise or settlement of the matter, pending the original bill, or that he ever stated or agreed that if the judgment was paid he would relinquish his right to the land. He stated that he was informed that the money was paid, as stated in the complaint, to W. H. Howes, his counsellor, but that he has never accepted it ; that the alleged agreement, if made,

was not in writing ; and he pleaded the statute of frauds. He denied that Richards ever tendered him any money for any purpose whatever ; alleged that he had bought the deed of trust of Wynne, Dennis & Beck ; that, after he bought the note and mortgage from Wynne, Dennis & Beck, the trustee therein, J. W. Wynne, authorized him to take such action as to the sale as he might see proper ; that he (Littell) advertised the lands for sale on the 15th of June, 1885, and posted notices in four places in St. Francis and Lee counties ; that the lands were publicly sold by Aldridge as agent for said trustee ; and that he became the purchaser at said sale. He admitted that he was in possession of the lands, and denied generally all allegations in the complaint, made contrary to his interest.

Defendant subsequently filed what he termed "a supplemental bill," stating the death of his former counselor, W. H. Howes, making the latter's administratrix a party, and praying that she be required to pay into court the sum of $200 paid by plaintiff under the alleged settlement ; which amount was by her paid into court.

The court at the hearing found that the settlement of the Dunn & Wills judgment was made as alleged in plaintiff's supplemental complaint, and decreed that it be enforced ; also found that the sale of the land under the Wynne, Dennis & Beck mortgage was fraudulent, and decreed that it be cancelled. Defendant has appealed.

*Littell pro se.*

1.   The husband was entitled to curtesy in the lands—an estate subject to sale under execution.

2.   The land was not scheduled as a homestead before sale, nor redeemed ; and, after the time for redemption expired, Littell, by his deed, acquired the life estate of Richards.

3.   The evidence fails to show the compromise agreement was made or accepted by Littell.

4. The trustee authorized Littell to execute the trust, and do all things necessary to enforce the mortgage. A mortgagee may sell by attorney or agent. Jones on Mortg. sec. 1861.

*Geo. H. Sanders* for appellee.

1. The land was the home of Mrs. Richards, which on her death descended to her minor heirs. This right is superior to the curtesy estate of the husband. Acts 1852; Gould's Dig. sec. 29, ch. 68; Const. 1868; Const. 1874; 54 Ark. 9. The right of homestead existed in the children at the death of Mrs. Richards, and they could not abandon or lose their rights by want of occupation or failure to schedule under sec. 3006, Mansf. Dig. See 37 Ark. 316; 26 *id.* 633; 41 *id.* 309. The effect of the constitution of 1868 was to abolish curtesy initiate. 47 Ark. 176. Under the constitutions of 1868 and 1874 the homestead was not subject to sale. 47 Ark. 445.

2. The relief prayed that the land not subject to the homestead right be first sold before resorting to the homestead is always granted in equity. 40 Ark. 102; 32 *id.* 438.

3. The sale under the mortgage was void for want of authority to sell. Jones on Mortgages, sec. 1862.

4. The compromise agreement, independent of the written receipt, was not within the statute of frauds. It was simply an extension of the time to redeem. 41 Ark. 268; 9 B. Mon. 452; Freeman on Ex. sec. 316. The memorandum in writing was sufficient to take the case out of the statute, considered in connection with all the circumstances, pleadings and proceeding. Pomeroy on Spec. Perf. sec. 85, and note 4; 1 McMullen, Ch. 311; 7 Pick. 301.

HEMINGWAY, J. It was alleged in the supplemental complaint that the sale under the deed of trust was made by a stranger to it, without the knowledge or consent of the trustee; the answer admitted that the sale was not

1. Delegation of power of sale under deed of trust.

made directly by the trustee, but averred that he author-
ized the appellant to make a sale whenever he saw proper
and to do whatever was necessary in that behalf, and
that the sale was in fact made by Aldridge under the
authority and as the agent of the trustee. If it were
conceded that the trustee could lawfully delegate such
power, it would devolve upon the party asserting the
sale to show that it had been delegated to the party who
made the sale. In this case the defendant alleged that
the trustee had conferred his power upon Aldridge, and
the burden was upon him to establish it. We are directed
to no proof of the fact, and cannot find that it existed.
For this reason, if for no other, the sale was invalid, and
the mortgage stands as though no attempt to sell had
been made.

2. When curtesy not a vested estate. The court properly found that the land sold under
execution embraced the homestead of the mother of the
minor plaintiffs, and that it descended to them, under
the constitution of 1874, free from liability for her debts
during their minority. Their homestead right was supe-
rior to the curtesy of their father (*Thompson* v. *King*,
54 Ark. 9), and therefore to the claim of purchasers from
him.

But it is insisted that the rights of the parties are
to be determined by the Constitution of 1868, and that it
did not extend the benefit of homestead exemptions to
married women. If the first proposition were correct,
we should concur in the conclusion contended for; but
we deem it incorrect. The acquisition of the land and
the marriage of the parents occurred before the Constitu-
tion of 1874 was adopted; but these facts vested no right
of curtesy. Before any such right exists, there must be
the additional fact of the birth of issue, which is not
shown to have occurred before the Constitution of 1874
was adopted, which extended the homestead right to
married women. This was in effect a change in the law

prescribing the descent of property, but it disturbed no vested right to curtesy, for the simple reason that no right had vested.

Persons who would be entitled to inherit under existing laws may suffer detriment by changes in the law that alter the course of devolution ; but there is no such thing as a vested right in a prospective heirship or in the maintenance of the laws of descent, and though their change disappoint reasonable expectations, it comes within no constitutional inhibition.    Cooley's Const. Lim. (6th ed.) p. 438 *et seq*.

While the curtesy of the husband is postponed to the homestead right of the minors, it is an interest in the land which is subject to sale under execution.    So that the appellant took by his purchase under execution the interest of the husband, but acquired no right to the use or enjoyment of the homestead during the minority of the children.    The fact that it was the homestead of the mother and descended to the minors free from her debts does not exempt the interest of her husband from liability to sale for his debts ; for the exemption operates only as against her debts.

3.  Estate of curtesy sub-ject to execution sale.

The minors claim as their lawful homestead that part of the land situate in St. Francis county ; and as it does not appear to exceed in amount or value what they are entitled to claim, it should be allowed them as against their father and those claiming under him.    The exemption is not asserted as to the Lee county tract, and the defendant acquired the right to its immediate possession ; but as the children's right of homestead is superior to the husband's right of curtesy, and both were acquired subject to a prior lien, the latter should be first sold to satisfy it—that is, the Lee county land must be sold before resorting to the land in St. Francis county.

4.  Marshaling assets.

The plaintiffs set up a contract with the defendant whereby he bound himself " to relinquish his claim

5.  Sufficiency of receipt as a memorandum.

against the land," in consideration of a sum paid in cash and a sum to be paid and which is alleged to have been duly tendered; and insist that under this contract the defendant is precluded from claiming the land. He denies that he made the agreement and pleads the statute of frauds. See Mansf. Dig. sec. 3371, subd. 4. Upon the issue of fact we find against him. Upon the oral proof alone he can claim no advantage, and the written receipt of his attorney of record turns the scale against him.

There is more merit in his plea of the statute of frauds. The plaintiffs to overcome it say (1) that the receipt is a sufficient writing to satisfy the statute, and (2) that the contract was not one for the sale of lands or any interest in or concerning them.

We do not consider the receipt a sufficient writing to answer the requirement of the statute; it not only does not disclose the terms of the contract relied upon, but, of itself and without the aid of oral proof, it furnishes no intimation even of the essential provisions of the agreement.

6. Agreement to release within statute of frauds.

The other response to the plea—that is, that the contract was for a redemption of land and not for the sale of an interest in or concerning it—has presented a more difficult question. But we think a little scrutiny discovers in it a fatal error. The contract was not made or discussed until after the time to redeem had expired and the rights of the execution defendant were extinguished. The purchaser had then acquired a perfect equitable title to the defendant's interest, and he held a naked legal title, subject to be divested whenever the purchaser should see fit to demand a deed. The defendant had no substantial interest left, and no right to demand any. *Whiting* v. *Butler*, 29 Mich. 122.

He might acquire an interest, just as other persons might; but his former ownership gave him no advantage in that respect. So long as the right to defeat the pur-

chase exists, agreements to extend the time or modify the conditions for redemption have been held not to come within the statute, for the defendant is in many respects regarded as the owner of the land, and by such agreements purchases nothing, but merely holds what he already has. Such is not the case when the sale has become indefeasible, for as the purchaser is then entitled to the land without regard to the will or conduct of the defendant, if the latter would acquire, he can but purchase it. To speak of an agreement under such circumstances as a contract to redeem involves a contradiction in terms ; for redemption implies a subsisting right as against a defeasible claim. Black's Law Dic. p. 1008. We have examined the cases cited and many others, and have not found that cases like this have ever been held not to come within the statute. On the contrary, we find that such cases are held to be within it. *Lucas* v. *Nichols*, 66 Ill. 41 ; *Smalley* v. *Hickok*, 12 Vt. 153–63 ; Op. of Campbell, J. in *Whiting* v. *Butler*, 29 Mich. 144 ; *People* v. *Rathbun*, 15 N. Y. 528.*

As the appellant disaffirms the contract because it was not in writing, he is liable to refund the money paid upon it ; and as he holds the mortgage for which the land is bound, he should in equity be compelled to credit upon it the amount paid to him upon his repudiated contract. *People* v. *Rathbun*, 15 N. Y. 528.

For the error in holding that contract to be binding, and for errors growing out of it that entered into the stating of the account, the judgment must be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.

---

* See 12 Am. & Eng. Enc. Law, p. 241, note. (Rep.)