GRIMES *v.* LUSTER.

Opinion delivered December 10, 1904.

1. HOMESTEAD—RIGHT OF WIDOW TO ACQUIRE—A widow may acquire a homestead in her own right, and such homestead inures to her minor children at her death. (Page 267.)

2. SUCCESSIVE HOMESTEADS—RIGHT OF MINOR TO ACQUIRE.—Where a father died possessed of a homestead and leaving a widow and minor children, and the widow subsequently acquired elsewhere a homestead in her own right, and died leaving one of such children still a minor, the latter is entitled to claim either homestead, but both cannot be enjoyed at the same time. (Page 268.)

3. SAME—HOW SELECTION MADE BETWEEN.—Where a minor is entitled to claim either of two homesteads, he cannot, unless his disabilities have been removed, waive, select or abandon either, and it becomes the duty of his guardian, under the superintending control of the probate or other competent court, to make the selection for him. (Page 270.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Reversed.

*Neill & Neill* and *Arthur Neill,* for appellant.

*Lyman F. Reeder* and *Yancey & Casey,* for appellee.

HILL, C. J.   Hugh Grimes died, leaving a widow and four children.   He had a homestead at Newport.   After his death his widow acquired a homestead at Batesville.   She impressed it with all the characteristics of a homestead, married again, lived thereupon till her death, and left the appellant, Harry, and three other children, all of whom were over 21 years of age except Harry.   Mark Luster acquired the interests of the other children, and took possession of the Batesville property, and Harry Grimes brought this suit, alleging that he was entitled to possession of all of it until he was 21 years of age and the rents and profits therefrom until he reached that age.   Luster answered, admitting that Harry owned the fourth interest, denied his homestead rights, denied his mother had impressed it as a homestead, and asserted the homestead rights of Harry were in the Newport property, and no other.

The plaintiff was defeated of recovery on the ground that he had homestead rights in the Newport property, and could not have two homesteads.   At least, there was an instruction of the court authorizing the defeat of his action on that ground, and, for the purposes of this appeal, it must be treated as an efficient, if not the only, ground for a judgment against him.

Section 6, article 9, of the Constitution, as construed in *Wilmoth* v. *Gossett,* 71 Ark. 594, contemplates that a widow may acquire a homestead in her own right, and that such homestead of the widow shall inure to the minor children after the death of the parent is provided for in section 10 of said article. *Thompson* v. *King,* 54 Ark. 9.

In *Thompson* v. *King,* 54 Ark. 11, and *Littell* v. *Jones,* 56 Ark. 139, it is held that there may be a homestead estate in a married woman, and that the husband living there upon with her does not change its status as her homestead, and as such it passes to her children, exactly as the father's homestead does.   Therefore the subsequent marriage of Mrs. Grimes and residence on

her homestead with her second ·husband did not affect the homestead acquired by her nor its devolution to her children.

Did the fact that Harry Grimes had an existing homestead right in his father's homestead at Newport defeat his homestead right thus descended to him from his mother in the Batesville property? It is insisted that, as a minor can not waive his right or abandon his homestead, therefore against his will (and probably interest) the Newport property is his homestead, and he can acquire no homestead interest in the Batesville property. This presumption of nonwaiver ·is for the protection of the minor's estate. *Booth* v. *Goodwin,* 29 Ark. 633.

As heretofore seen, from the provisions of the Constitution, as construed by the decisions of this court, the minor acquired a right to his mother's homestead. That right can not be defeated by these presumptions in his favor, and it must either be held that he has two homesteads, or that the selection of one relinquishes the other; for it is plain that two homestead rights have descended to him. Much can be said in favor of the existence of the two homesteads. They are acquired from different parents; each can be held against the debts of the parent from whom acquired; and, under the Constitution of 1874, occupancy is not necessary by minors to preserve the right of homestead. Art. 9 § 6; *Sparkman* v. *Roberts,* 61. Ark. 26.

However, it is manifest that two homesteads were not intended or contemplated. "The protection of the family from dependence and want is the object of all homestead laws." *Harbison* v. *Vaughan,* 42 Ark. 539. "One of the objects of the Constitution is to secure to the widow and orphan the family roof tree as a fixed home during the widowhood or life of the widow and minority of the children." *Garibaldi* v. *Jones,* 48 Ark. 230. "Looking to the ultimate purpose of such provisions—the protection of the debtor's family against the vicissitudes of fortune." *Wood* v. *Mayfield,* 41 Ark. 94.

The beneficence of these provisions extend in favor of the children to the homestead of either parent. So long as the family circle is not broken by the death of either parent, there can be but one homestead; and it matters not whether that is the homestead of the father or mother. *Thompson* v. *King,* 54 Ark. 9 *Wilmoth* v. *Gossett;* 71 Ark. 594. And, as heretofore shown,

successive homestead rights may be inherited by minors in cases like this one at bar where the widow acquires a homestead during her widowhood in her own right, but both can not be enjoyed at one and the same time. Such an enjoyment would present an anomaly, and one not to be tolerated because contrary to the spirit and letter of the homestead exemption. It was so ruled in regard to the widow's homestead in *Garibaldi* v. *Jones*, 48 Ark. 230.

The homestead right acquired from the mother by operation of law subsequent to the right acquired from the father should not be allowed to defeat the minor's interest in the father's homestead, any more than the right in the father's homestead should defeat that acquired from the mother. Therefore, it is seen that the minor acquires two inconsistent rights. By reason of his incapacity he can not waive, select or abandon either voluntarily. It then becomes the duty of his guardian under the superintending control of the probate court, or any court having jurisdiction in a proper suit between the parties in interest, to select the homestead. Section 3588 of Sandels & Hill's Digest gives ample authority to the guardian of the estate, and section 5645 gives the circuit court ample authority to dismiss actions brought by others than guardians, when not to the benefit of the minor. The duty of the guardian in the management of the homestead is set forth in *Booth* v. *Goodwin*, 29 Ark. 633.

In *Littell* v. *Jones*, 56 Ark. 139, an action was brought by next friend of minors to select and set apart to them a homestead in a tract of 240 acres, and to require a creditor holding a mortgage upon the whole to be limited to the part not selected as homestead. The selection was held proper to be made, and the mortgage, which was subject to their rights, enforced only against the surplus over the homestead. The principle of selecting one of two homesteads is not different from segregating a homestead out of an area larger than the homestead limit. The rule allowing a debtor to select a homestead has long been in force in this State. *Tomlinson* v. *Swinney*, 22 Ark. 400; *Sentell* v. *Armor*, 35 Ark. 49; *Greenwood* v. *Maddox*, 27 Ark. 648; *Sparks* v. *Day*, 61 Ark. 570; *Wilks* v. *Vaughan*, ante, p. 174. An exchange may be made of homesteads. *Moore* v. *Granger*, 30 Ark. 574; *Campbell* v. *Jones*, 52 Ark; 493. And a segregation

from the homestead may be made, letting the segregated part out of the exemption. *Curtis* v. *Des Jardins,* 55 Ark. 126.

Therefore, it is entirely consonant with decisions of this court and the policy of the homestead law to hold that, where two homestead rights accrue to a minor, a selection can be made of one to the exclusion of the other. Such selection can not be made by the minor, for he is incapable of this, just as he is incapable of managing and controlling his other property and rights. There are appropriate methods to make the selection and preserve that interest which it is to the advantage of the minor to preserve. In this case the disability of minority has been removed, and hence there is no occasion for a guardian or next friend to take the initiative.

It is said that the property claimed exceeds the maximum area of an urban homestead. If it does, the selection can be made as indicated in *Littell* v. *Jones,* 56 Ark. 139; *Sparks* v. *Day,* 61 Ark. 570, and *Wilks* v. *Vaughan, ante,* p. 174.

Reversed and remanded with directions for further proceedings in conformity herewith.

McCULLOCH, J., concurs in judgment.