829 F.2d 693
 Bankr. L. Rep. P 71,985
In re Steve and Jo Ann STEVENS, Debtors, Appellants,
v.
PIKE COUNTY BANK, Appellee,
v.
A.L. TENNEY, Trustee.
 No. 86-1529.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1987.
Decided Sept. 29, 1987.
 
 Renee S. Williams, Hot Springs, Ark., for appellants.
 Don P. Chaney, Arkadelphia, Ark., for appellee.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Steve and Jo Ann Stevens appeal from a final judgment of the district court[1] affirming the bankruptcy court's[2] determination that they were entitled to claim only 80 acres of their 120 acre property under the Arkansas homestead exemption. We affirm.
 
 
 2
 I. BACKGROUND.
 
 
 3
 There are no disputed facts in this case. Steve and Jo Ann Stevens ("Debtors") are husband and wife living together. They operated a farm of about 120 acres in Pike County, Arkansas. On May 20, 1985, the Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. After initially claiming a rural homestead exemption of 80 acres under Ark. Const. art. IX, Sec. 4, and Ark.Stat.Ann. Sec. 36-211(b)(3) (Supp.1985), the Debtors amended their petition to include the entire 120 acres of rural property.[3] The maximum individual exemption allowable under section 36-211(b)(3), regardless of the value of the property, is 80 acres. See Ark.Stat.Ann. Sec. 36-211(b)(3). Defendant-appellee Pike County Bank ("Bank") subsequently filed a timely objection to the Debtors' amended petition.
 
 
 4
 The bankruptcy court ruled that the Debtors were not entitled to claim separate homestead exemptions under either the Arkansas Constitution or section 36-211(b)(3). The Debtors appealed this determination. The district court upheld the bankruptcy court's decision, holding that under Arkansas law, a homestead exemption was available to a husband or wife living together, but not to both debtors as joint petitioners. Accordingly, the district court held that the maximum exemption available to the Debtors was 80 acres. This appeal followed.
 
 
 5
 II. DISCUSSION.
 
 
 6
 The Debtors contend that under Arkansas law, each individual debtor in a joint case is entitled to claim all available exemptions, including a homestead exemption. Alternatively, the Debtors argue that even if the Arkansas legislature intended only one exemption to be available to joint debtors, federal law requires that each debtor be allowed to avail themselves of the state-created exemptions. The Bank, on the other hand, argues that under both state and federal law, the Debtors are entitled to only one homestead exemption.
 
 
 7
 A. Standard of Review.
 
 
 8
 This court reviews a bankruptcy court's conclusions of law de novo. In Re Briggs Transportation Company, 780 F.2d 1339, 1342 (8th Cir.1985). With respect to matters of state law, however, we give deference to the district court's interpretations. Hylton v. John Deere Company, 802 F.2d 1011, 1014 (8th Cir.1986). We begin by addressing the Debtors' claims under federal law.
 
 
 9
 B. Federal Law.
 
 
 10
 The Debtors contend that regardless of what exemptions the Arkansas legislature intended to provide debtors in a joint petition, federal law requires that each exemption be available to both debtors.
 
 
 11
 Section 522(d) of the Bankruptcy Code, 11 U.S.C. Sec. 522(d), sets out the federal exemptions available to debtors. These exemptions are specifically available to both debtors in a joint case. 11 U.S.C. Sec. 522(m). A state may choose, however, as did Arkansas, to "opt out" of the federal scheme and create its own set of exemptions. 11 U.S.C. Sec. 522(b)(2)(A). The specific issue here, then, is whether a state that chooses to provide its own exemptions must, nevertheless, make those exemptions available to both debtors in a joint case.
 
 
 12
 We agree with the district court that when a state opts out of the federal exemption scheme, it is not required to make the state exemptions available to both debtors in a joint petition. On its face, section 522(b) does not restrict a state's authority to opt out of the federal exemption provisions. Rhodes v. Stewart, 705 F.2d 159, 163 (6th Cir.1983), cert. denied, 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983). Under that section's broad grant of authority, a state may "exempt the same property included in the federal laundry list, more property than that included in the federal laundry list, or less property than that included in the federal laundry list." Matter of McManus, 681 F.2d 353, 355 (5th Cir.1982).
 
 
 13
 In addition, in recently amending the language of subsection (m), Congress made the federal individual exemption requirement specifically subject to the states' ability to design their own exemptions. Thus, while subsection (m) provides for separate federal homestead exemptions to debtors in a joint case, it has no force where a state opts out of the federal plan under subsection (b). See In re Granger, 754 F.2d 1490, 1491 (9th Cir.1985) (per curiam); but see Cheeseman v. Nachman, 656 F.2d 60, 63 (4th Cir.1981) (section 522(m) "mandates" that state exemptions be made available to each debtor in a joint case).[4]
 
 
 14
 C. Arkansas Law.
 
 
 15
 The Debtors also contend that even if federal law permits a state to provide only one homestead exemption to joint petitioners, Arkansas law provides that both debtors may avail themselves of the protection.
 
 
 16
 As noted above, the bankruptcy exemptions available to the Debtors are governed by Arkansas law. In Arkansas, the homestead exemptions are found in both its constitution and statutes. Under the governing statute, "rural homesteads not exceeding one hundred and sixty (160) acres of land with improvements thereon, up to twenty-five hundred dollars ($2,500.00) in value but in no event less than eighty (80) acres without regard to value ..." are exempt from execution under bankruptcy proceedings. Ark.Stat.Ann. Sec. 36-211(b)(3). The language of the statute does not, however, indicate whether the exemption is available to both the husband and the wife in a joint petition.
 
 
 17
 Similarly, the state constitution, in Article 9, section 3, provides that "[t]he homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon * * *." (Emphasis supplied). Article 9, section 4 then sets out the total acreage which may be exempted by the debtor:
 
 
 18
 The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value.
 
 
 19
 Because none of these provisions clearly answer the question at hand, we turn, as did the district court, to Arkansas case law in an attempt to resolve the ambiguity.
 
 
 20
 The district court, relying on a relatively recent Arkansas Supreme Court decision, ruled that either the husband or the wife, but not both, was entitled to a homestead exemption under Arkansas law. In Campbell v. Geheb, 258 Ark. 225, 523 S.W.2d 185 (1975), the Arkansas Supreme Court quoted with approval this circuit's explication of the nature of the homestead right, stating that "while the husband and wife are not separated, but are living together as husband and wife, there can be no such thing as a separate homestead of the wife, separate and apart from her husband * * *." Id., 523 S.W.2d at 187 (quoting Rosenberg v. Jett, 72 F. 90 (8th Cir.1896)).
 
 
 21
 Like the district court, we, too, recognize that there no longer remains any gender-based distinction between the rights of the husband and the wife. We observe further that in these modern times many families, such as the Debtors, look to both the wife and the husband for economic support. It is not, however, the province of this court to legislate. Thus, while we recognize the reality of these changing economic trends, we are constrained to agree with the district court's holding that, presently, Arkansas law allows the Debtors only one homestead exemption.
 
 
 22
 III. CONCLUSION.
 
 
 23
 Based on the foregoing analysis, we affirm the district court's judgment upholding the bankruptcy court's ruling that Debtors, as joint petitioners, are only entitled to only one homestead exemption under both state and federal law.
 
 
 24
 ARNOLD, Circuit Judge, concurring.
 
 
 25
 I join the Court's opinion and write separately only to express some reservations with respect to the question of Arkansas law which we are deciding.
 
 
 26
 We normally defer to the decisions of the district courts on questions of the law of the states in which they sit. Here, this deference is enhanced by the fact that the Bankruptcy Court reached the same conclusion as the District Court. I agree that under this standard of deference we must affirm the judgment. There is no opinion of the Supreme Court of Arkansas directly in point, but there is language in Campbell v. Geheb, 258 Ark. 225, 523 S.W.2d 185 (1975), which supports the decision of the courts below. The legal context of Campbell was different, but the application of its language in the present context is not illogical. There is no other opinion of the Supreme Court of Arkansas that clearly indicates that the Campbell language should not be applied in the present case.
 
 
 27
 Thus, the Bankruptcy Court and the District Court have made a tenable forecast of what the Supreme Court of Arkansas would do if faced with the present question. It goes without saying that this forecast is not binding on that court. When and if the question comes before it, it will remain completely free to decide it, because our decisions have no binding precedential effect on that court. If, as appears to be the situation before us, a husband and wife both work and both have made contributions to the property claimed as homestead, it may make sense to the Supreme Court of Arkansas to depart from a literal application of the language of its previous opinions. That court might also take into account the fact that the rule of law as presently applied appears to create some incentive for husbands and wives to leave each other and establish, or purport to establish, separate homesteads.
 
 
 
 [1]
 The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Robert F. Fussell, Chief United States Bankruptcy Judge for the Western District of Arkansas
 
 
 [3]
 Because the debtors owned only 120 acres rather than 160 acres, the district court construed their petition for homestead as having been made equally, i.e., 60 acres each, and not 80 acres for one and 40 acres for the other
 
 
 [4]
 We note that although there is apparently a disagreement among the circuits on this issue, the Fourth Circuit's decision in Cheeseman pre-dates Congress' amendment to subsection (m)