ARNOLD, Circuit Judge,
concurring.
I join the Court’s opinion and write separately only to express some reservations with respect to the question of Arkansas law which we are deciding.
We normally defer to the decisions of the district courts on questions of the law of the states in which they sit. Here, this deference is enhanced by the fact that the Bankruptcy Court reached the same conclusion as the District Court. I agree that under this standard of deference we must affirm the judgment. There is no opinion of the Supreme Court of Arkansas directly in point, but there is language in Campbell v. Geheb, 258 Ark. 225, 523 S.W.2d 185 (1975), which supports the decision of the courts below. The legal context of Campbell was different, but the application of its language in the present context is not illogical. There is no other opinion of the Supreme Court of Arkansas that clearly indicates that the Campbell language should not be applied in the present case.
Thus, the Bankruptcy Court and the District Court have made a tenable forecast of what the Supreme Court of Arkansas would do if faced with the present question. It goes without saying that this forecast is not binding on that court. When and if the question comes before it, it will remain completely free to decide it, because our decisions have no binding precedential effect on that court. If, as appears to be the situation before us, a husband and wife both work and both have made contributions to the property claimed as homestead, it may make sense to the Supreme Court of Arkansas to depart from a literal application of the language of its previous opinions. That court might also take into account the fact that the rule of law as presently applied appears to create some incentive for husbands and wives to leave *697 each other and establish, or purport to establish, separate homesteads.