**In re James RIEBOW and Barbara Riebow, Debtors.**

**Bankruptcy No. 89–03246–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

May 30, 1990.

A. Thomas DeWoskin, St. Louis, Mo., Trustee.

Teresa A. Generous, St. Louis, Mo., for trustee.

Mark H. Zoole, St. Louis, Mo., for debtors.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here concerns the Trustee's objection to the Debtors' claim of exemption. On August 3, 1989, the Debtors, as husband and wife, filed a voluntary joint Bankruptcy Petition under Chapter 7 of Title 11 of the United States Code. A. Thomas DeWoskin was thereafter appointed Trustee in this case.

The Debtors' Schedules and Statements of Affairs listed real property located at 43 Durham, Washington, Missouri. The Debtors indicated further that the real property had a fair market value of $98,500.00, subject to a first deed of trust securing a loan balance of approximately $78,000.00.

On the Bankruptcy Schedule B–4, the Debtors listed the real property as their homestead and claimed an exemption in the amount of $16,000.00 under Section 513.475 R.S.Mo. The parties here have agreed that the real property is titled to the Debtors as tenants by the entirety.

This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), in that it deals with matters concering the administration of the estate.

The Federal Exemption Law is set out at Section 522 of Title 11 of the United States Code. Although Section 522 includes a list of exemptions which may be claimed by a Debtor, a subparagraph permits a state to "opt out" of the federal exemptions and create separate exemptions applicable to their citizens. See 11 U.S.C. § 522(b)(1).

The State of Missouri has opted out of the federal exemptions and prohibits debtors from claiming exemptions under the Federal Statute at Section 522(d). Section 513.475, R.S.Mo., permits a homestead exemption in the amount of $8,000.00 per homestead, and provides that if more than one owner of the homestead claims the exemption, the total exemptions shall not exceed in the aggregate the total amount of $8,000.00.

Although the Federal Statute at 11 U.S.C. § 522(m) states that Section 522 of Title 11 applies separately to each debtor in a joint filing, by its own language, this Section is subject to the limitations set forth in Section 522(b), which permits the states to "opt out" of the federal exemption schedule. Therefore, the Debtors may not rely on Section 522(m) as a basis for their claim of separate exemptions.

The issues raised by the Debtors have been addressed and resolved by the United States Court of Appeals for the Eighth Circuit.

"We agree with the District Court that when a state opts out of the federal exemption scheme, it is not required to make the state exemptions available to both debtors in a joint petition." *Stevens v. Pike County Bank*, 829 F.2d 693, 695 (8th Cir.1987).

The *Stevens* opinion specifically determined that Section 522(m) has no force where a state opts out of the federal plan under subsection (b). *Stevens, supra*, 695.

Therefore,

IT IS ORDERED that this hearing be concluded; and that the Trustee's objec-

tions to the Debtors' claim of exemption are sustained; and that the Debtors' claim of a homestead exemption in the amount of $16,000.00 is not allowed; and

That upon an amendment by the Debtors, a claim of homestead exemption pursuant to Section 513.475 R.S.Mo., will be allowed in the amount of $8,000.00.