DUFFY *v.* HARRIS.

Opinion delivered April 23, 1898.

HOMESTEAD—WIDOW—FORFEITURE BY MISCONDUCT.—Under the constitution (art. 9, § 6), which provides that "if the owner of a homestead die, leaving a widow but no children, and said widow has no separate homestead in her own right, the same shall be exempt," etc., a wife who deserts her husband, and lives in adultery in another state, does not thereby forfeit her right to the homestead upon her husband's death. (Page 253.)

Appeal from Lee Circuit Court

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT

To an action of an ejectment brought by the appellee, the widow of Dan Harris, deceased, against the appellant, the daughter of said Dan Harris, to recover possession of the homestead of the deceased, the appellant answered in substance that the appellee had, before the death of said Dan Harris, wilfully deserted and abandoned her husband, the said Dan Harris, and the homestead in suit, wholly without provocation, and removed, against his protest and earnest entreaties, to the state of Tennessee, where she continuously resided, until after the death of said Dan Harris on said homestead; that plaintiff, as the defendant believed, had, while so absent, lived in adultery; that, though earnestly and persistently persuaded by her husband to return to her home, she persistently refused and failed to do

so, until after the death of the said Dan Harris; that she, the appellee, by such conduct had forfeited her right to the homestead.

Upon motion, so much of the answer as set up abandonment and desertion of Dan Harris, and her alleged immoral and unchaste conduct, was stricken out, over the protest of the defendant, to which she excepted. The grounds of the motion were that said portion of the answer constituted no defense, and was wholly irrelevant to the issue.

The court gave judgment for appellee. Defendant moved for new trial, which was denied, to which she excepted, and appealed to this court.

*Jas. P. Brown*, for appellant.

A wife who has wrongfully deserted her home and husband, and taken up her residence in another state, cannot claim homestead after his death. 8 Tex. 312; 18 S. W. 436; 9 Tex. 630; 45 Tex. 559; *ib.* 588; 87 Tenn. 78; S. C. 10 Am. St. Rep. 623; 86 Mich. 283. The New Hampshire decisions (43 N. H. 308; 40 N. H. 249; 37 N. H. 436); hold differently, but the difference is due to the fact that in New Hampshire the homestead during life is an incohate right, resembling dower, and ripens upon the death of the husband; while in other states it is wholly dependent on the keeping together of the family for whose benefit it is created. Thompson, Homesteads and Exemptions, §§ 75, 585. It would be against the policy of all homestead laws to allow such a claim. 1 Bish. Mar. D. & Sep., § 38; 34 Am. St. Rep. 868, and cases in note; 43 La. An. 350; 42 Ark. 539. Dower and homestead are not similar rights, and are not governed by the same rules. 36 Ark. 545; 37 Ark. 298; 58 Ark. 302. Homestead is simply a privilege, and may be renounced by the wife's acts. 2 Kent, 146; 1 Bish. M. D. & S. §§ 1228–1234. The reasons for a rule failing, the rule ceases. 62 Ark. 146. Homestead laws are enacted for the benefit of only those who are domiciled in the state. 87 Tenn. 78; S. C. 10 Am. St. Rep. 623; Thomp. Hom. & Ex. § 91.

*McCulloch & McCulloch,* for appellee.

Art. 9, § 6, const. of Ark. [1874] makes the widow's right of homestead depend upon her legal status as wife and widow, and not upon her *de facto* relations to the family or occupancy of the property, thus bringing it squarely within the doctrine announced in the New Hampshire cases. 43 N. H. 308; 40 *id.* 249; Thomp. H. & E. § 3, 73-77; 29 Ark. 290; 27 Miss. 704; 12 Cal. 327; 20 La. An. 383; 46 Ark. 159.

HUGHES, J., (after stating the facts.) The homestead provision for the widow (Const. 1874, art 9, § 6) is as follows: "If the owner of a homestead die, leaving a widow but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow, and be entitled to half the rents and profits till each arrives at twenty-one years of age—each child's right to cease at twenty-one years of age—and the shares go to the younger children, and then all go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

It would seem that the language of this section of the constitution settles the question involved in this suit. The appellee had never been divorced from her husband, and she was unquestionably his widow. How then can she be debarred of her homestead right, without reading into the constitution an exception or provision it does not contain, to the effect that if the wife abandon her husband, and is guilty of immoral and unwifely conduct, she shall forfeit her right thereby to the homestead. We think such a construction unwarranted and untenable. We are aware that it has been held otherwise in Texas and some other states. *Trawick* v. *Harris,* 8 Tex. 312; *Earl* v. *Earl,* 9 Tex. 630; *Sears* v. *Sears,* 45 Tex. 559; *Prater* v. *Prater,* 87 Tenn. 78; *Farwell Brick Co.* v. *McKenna,* 86 Mich. 283. On the other hand, we find that in the case of *Meader* v. *Place,* 43 N. H. 308, and cases therein cited, it is held that the

abandonment by the wife of her husband, and living apart from him in another state, does not forfeit her right to the homestead upon the death of the husband.

In this state it is held that the domicil ·of the wife follows that of the husband, and we understand this to be the rule, and that the fact that she abandons her husband, and lives apart from him in another state, will not form an exception, nor cause her to forfeit her right to the homestead. She is not a non-resident, while her husband is a resident. Her legal status, as to this, is governed by that of the husband. *Meader* v. *Place*, 43 N. H. 308; *Johnston* v. *Turner*, 29 Ark. 280, and cases; Thompson, Homesteads and Exemptions, §§ 73, 77; *Atkinson* v. *Atkinson*, 40 N. H. 249.

"The wife, though living separate, might have returned to her duty at any time." He owed her protection and support, as long as the relation of husband and wife existed by law, and the desertion of the wife could not alter his legal status. He was still the head of a family, entitled to a homestead; and, as long as the relation of husband and wife existed *de jure*, the appellee was his wife, and at his death was his "widow," and entitled, under the constitution, to the right of homestead. Const. 1874, art. 9, § 6; *Gates* v. *Steele*, 48 Ark. 539; *Stanley* v. *Snyder*, 45 Ark. 429.

A majority of the court is of the opinion that, under the constitution and laws of this state, the appellee is, in law, the widow of Dan Harris, and that she has not, by her abandonment of him and living apart from him in another state, forfeited her right to his homestead, however reprehensible her conduct morally may have been.

The judgment of the circuit court is therefore affirmed.