### BROWN *v.* BROWN.

### Opinion delivered July 8, 1912.

1. HOMESTEAD—FORFEITURE BY WIFE'S ABANDONMENT OF HUSBAND.—Under Const. 1874, art. 9, sec. 6, providing that "if the owner of a homestead die, leaving a widow but no children, and said widow has no separate homestead in her own right, the same shall be exempt," etc.; a wife who deserts her husband and abandons his bed and board will not thereby forfeit her right to her husband's homestead upon his death. (Page 315.)

2. SAME—WIDOW'S SEPARATE HOMESTEAD.—The fact that a widow at her husband's death was occupying a residence upon her own separate property will not preclude her from claiming her right to occupy his homestead at his death. (Page 315.)

3. SAME—ABANDONMENT.—While a husband may not convey his homestead unless his wife joins in the conveyance thereof, he may abandon the homestead without her consent. (Page 316.)

4.  SAME—ABANDONMENT OR SEGREGATION OF PART.—The fact that a husband erected a separate dwelling for his son and grandchildren upon his homestead, without making a conveyance thereof to them, is not sufficient to establish an abandonment or segregation of a portion thereof. (Page 316.)

5.  SAME—WHO MAY CLAIM.—Minor grandchildren are not entitled to share in a decedent's homestead. (Page 316.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*H. A. Parker,* for appellant.

1.  This is a clear case of gift.  63 Ark. 100, 44 Pac. 126; 10 La. 85.

2.  Appellee had no homestead right.  21 Cyc. 468; 99 Va. 582.

3.  As to who is entitled to a homestead, see 27 Ark. 648; 71 *Id.* 206; 66 *Id.* 382; 21 Cyc. 466; 37 So. 734.  It extends to grandchildren.  Cases *supra.*

*Thomas & Lee,* for appellees.

1.  The widow was entitled to the homestead.  57 Ark. 242; 71 *Id.* 594; 43 N. H. 308; 40 *Id.* 249; 29 Ark. 280; 46 *Id.* 159; Thompson on Homest. & Ex. § § 73, 77; 94 Ark. 107.

2.  No liens valid against the homestead are valid except laborers' or mechanics,' and in such cases the law must be followed.  Kirby's Dig., § 4981; 32 Ark. 59.

McCULLOCH, C. J.  Plaintiff, Hattie Brown, instituted this action in the chancery court of Monroe County, praying that her homestead and dower in the real estate of her deceased husband, R. H. Brown, be allotted and set apart to her.  R. H. Brown died in July, 1909, leaving the plaintiff, his widow, and defendant, Hugh Brown, a son about thirty-seven years of age, and the other defendants, his grandchildren, as his only heirs at law.  He owned at the time of his death the east half of four contiguous lots in the town of Brinkley, Arkansas; a lot in the town of Cotton Plant, Arkansas, and eighty acres of farm land in Prairie County.  He and the plaintiff had intermarried about ten years before his death, and occupied the lots in the town of Brinkley as his homestead.  There was a dwelling house on the south end of the lots, which they occupied as a home, but this house was blown away in a cyclone

in March, 1909. Brown rebuilt his home, and also caused to be built on the north end of the lots another house for the occupancy of his son and grandchildren, who were living with him.

All of the heirs above named were made defendants in the action, and they filed an answer, alleging that plaintiff had abandoned her husband prior to his death and was not living with him as his wife; that she had a homestead in her own right at the town or village of Surrounded Hill, in Prairie County; and also that R. H. Brown had made a gift to them of the north half of the Brinkley lots on which the house in which they lived was situated; defendant Hugh Brown filed a cross complaint, alleging that he had contributed the sum of $125 for labor and material in constructing the two houses on the Brinkley lots after the cyclone had destroyed the dwelling house, and he prayed for reimbursement for the sum.

On the final hearing of the case the chancellor found that the Brinkley lots, all of them together, constituted the homestead of R. H. Brown; that the plaintiff was his widow, and was entitled to have said homestead set apart to her and dower in the other property, and a decree was entered accordingly.

There is some testimony tending to show that plaintiff did not remain at home with that constancy due from a wife, but it is not sufficient to establish an abandonment of her husband's bed and board. Even if there had been such desertion, it did not amount to a forfeiture of the widow's homestead right. *Duffy* v. *Harris*, 65 Ark. 251. Whether the same rule applies as to dower we do not decide, for, as before stated, the evidence does not establish an abandonment by the wife.

Nor is there any proof that plaintiff had selected and occupied a separate homestead on her own property at Surrounded Hill, so as to exclude her from the benefit of her husband's homestead.

"The separate homestead referred to in the section of the Constitution just quoted," said this court in *Wilmoth* v. *Gossett*, 71 Ark. 594, "is not the separate homestead of the wife, but of the widow; that is, the separate homestead of the widow selected by her on her own lands after the death

of her husband (for she is not the widow until then.)" See, also, *Davenport* v. *Deveneaux*, 45 Ark. 343.

The husband is prohibited by the act of March 18, 1887 (Kirby's Digest, § 3901), from alienating the homestead except by conveyance in the execution of which his wife joins; but the husband controls his homestead, and may abandon the same without his wife's consent. We do not think, however, that the evidence in this case was sufficient to justify a finding that Brown intended to separate the property which he had for many years occupied as a homestead and abandon a portion of it. All that the testimony establishes is that his son and grandchildren were living with him, and that, on account of disagreements with his wife, he desired to have a separate dwelling house for them on his homestead lot. He caused a house to be built for them, but did not execute any conveyance or manifest any intention to do so. They were living with him and assisting him by cooking and washing and other household duties, and his intention was merely to provide them a home there on the same lots which constituted his home. This is evidently the conclusion which the chancellor reached, and we think that he was correct in that view of the testimony.

It is also argued that some of the grandchildren who were minors are entitled to share the homestead with the widow. This contention is answered by the plain language of the Constitution, which limits the exemption to the widow and children. Grandchildren, or other descendants, are not mentioned or provided for.

Nor is there anything in the contention that defendant Hugh Brown is entitled to a lien on the property for labor and material which he claims to have advanced in the construction of the house. He has not brought himself within the terms of the statute, and therefore the court should not decree a lien.

The decree of the chancellor is, upon the whole, correct, and the same is affirmed.