COLUM v. THORNTON.

Opinion delivered February 14, 1916.

1. HOMESTEAD—WIDOW'S RIGHT—CONSTRUCTION OF STATUTES.—The Constitution gives the homestead to the widow for life without any restrictions. Laws pertaining to the homestead right of the widow and minor children, should be construed liberally in favor of the homestead claimants.
2. HOMESTEAD—RIGHT OF WIDOW AND CHILDREN.—The homestead goes to the widow and to the minor children until each of the children arrives at the age of twenty-one years.
3. HOMESTEAD—SECOND MARRIAGE OF WIDOW—RIGHTS OF CHILDREN.—The children of a woman by her first marriage have no rights in the homestead of her second husband, and the children of the second marriage have no rights in the homestead of their mother's first husband.
4. HOMESTEAD—EFFECT OF REMARRIAGE OF WIDOW—EFFECT OF REMOVAL.—Upon the death of her first husband, a life estate vests in the widow in his homestead, and she may lease it and receive the rents therefrom, subject to the rights of her minor children, to share the same with her until each of them arrives at the age of twenty-one years, and she does not forfeit her homestead by a second marriage, and removal to the homestead of her second husband.
5. HOMESTEAD—REMARRIAGE OF WIDOW—RIGHT TO SHARE HOMESTEAD OF SECOND HUSBAND.—The remarriage of a widow, and her removal to the homestead of her second husband, does not work a forfeiture of her previously existing right in the homestead of her former husband.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*W. P. Strait,* for appellant.

1. A homestead right is a privilege personal to the widow, which may be abandoned, and which carries to her no legal interest in the estate beyond this right or privilege, and is held upon condition of its being and remaining her home, whether in reality occupied or not. Const. Art. 9, § 6; 105 Ark. 652; 95 *Id.* 256; 79 *Id.* 412;

102 *Id.* 668; 79 *Id.* 410; 48 *Id.* 230; 65 *Id.* 68; 72 *Id.* 476; 65 *Id.* 68.

2.  A widow can not have two homesteads.   71 Ark. 594; 107 *Id.* 284.   The legal domicile of the wife follows that of the husband.   When she remarried and moved to his home, she made it her's and thereby abandoned her homestead as the widow of Colum.   Cases *supra.*

*Sellers & Sellers,* for appellees.

1.  It is admitted that a homestead can be abandoned, and that leaves only for determination whether the widow has abandoned the Colum homestead in Argenta.   A homestead is not subject to partition; the burden was on appellants to show that it is no longer a homestead and no affirmative proof is required of appellees to show any intention of returning to or asserting any rights whatever over the homestead.   31 Ark. 145; 47 Ark. 504.   There is no proof of abandonment.   Rosa Thornton has collected the rents, paid the taxes and kept up the repairs.   Mere absence is not abandonment.   42 Ark. 503; 48 *Id.* 239.   Her right did not cease on remarriage and removal.   100 Ark. 399.   The Constitution vests a life estate in her without any restrictions.   21 Cyc. 569; Kirby's Dig., § 3882; 51 Ark. 335; 26 S. W. 628.

HART, J.   This is a suit for partition brought by appellees against appellants in the chancery court to divide certain lands situated in Conway County, Arkansas, among the parties according to their respective interests.

Appellants answered alleging that the complaint did not contain all of the lands in which the parties were interested, describing lands in Pulaski County, Arkansas. The lands involved in the partition suit belonged to the estate of R. C. Colum, who died in Argenta, Arkansas, in 1906, leaving his widow, Rosa Colum now Rosa Thornton, and their children.   At the time of his death he owned a homestead in Argenta.   After he died, his widow, through fear of mob violence to her children, moved to Conway County and has since resided there.   Subsequently she married a man named Thornton and now lives with him on his homestead in Conway County.   She and her chil-

dren collected the rents on the Argenta homestead until the children became of age and since that time Rosa Thornton has collected them.

On the trial of the case the chancellor held that, the heirs now being over twenty-one years of age, Rosa Thornton was entitled to the possession of the Argenta homestead for and during her natural life; that she had not abandoned or attempted to alienate it; that being her homestead, it was not subject to partition.

The children and heirs at law of R. C. Colum, deceased, have appealed.

The finding of the chancellor that Rosa Thornton had not abandoned the Argenta homestead nor attempted to alienate it, is fully warranted by the evidence.

It is the contention of appellants that when Rosa Thornton, as the widow of Robert Colum, married J. C. Thornton and went to live with him at his homestead, she, as a matter of law, lost the homestead which she acquired from her first husband. Section 6, article 9, of the Constitution of 1874, which is repeated in section 3882 of Kirby's Digest, is as follows:

"If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

(1) Our Constitution gives the homestead to the widow for life without any restrictions. It is the settled policy in this State that laws pertaining to the homestead right of the widow and minor children, shall be construed liberally in favor of the homestead claimants.

In the case of *Davis* v. *Neal,* 100 Ark. 399, we held that a right of homestead is not lost by a widow who re-marries. This case arose under a former homestead law which preserved the homestead during the time it should be occupied by the widow or children of any deceased person. We held that the word "widow" as used in the act referred to the person and not to her state or condition—whether she remains a widow or marries again. We there said:

"The rule is that whenever a right by law is attached to a person by reason of her being a widow, such right remains, unless other words are used in the act, which limit it. If the Legislature had intended that her right of homestead should cease when she married again, it would doubtless have used words of that import, such as 'during her widowhood,' which would refer to her state or condition, and not to the person, or would have added the words 'until she marries again,' or 'so long as she remains unmarried.' "

(2-3-4) It will be noticed that under our homestead law the homestead goes to the widow and to the minor children until each of them arrives at the age of twenty-one years. So it will be seen that the homestead is for the benefit of both the widow and the children of the deceased. The Constitution vests in the widow an estate for her life and in the children during their minority. Under our Constitution the children could not have shared in the homestead of the second husband of Rosa Colum if she had married before they arrived at the age of twenty-one years. Neither could her children by her second husband share in the homestead acquired from her first husband. There is no language in the Constitution from which it could be inferred that the widow forfeits her homestead by a second marriage and removal to the home of the second husband. Upon the death of her first husband a life estate vests in her in his homestead, and she has the right to lease it and receive the rents from it, subject, of course, to the rights of her minor children to share same with her until each of them arrives at the age of twenty-one years; and we do not think she forfeits her

homestead by a second marriage and removal to the homestead of her second husband.

(5)   In other words, we do not think the fact that a homestead had been acquired by her as a widow from the estate of her former husband estopped her from sharing a homestead with her second husband. Such is the effect of the decisions in *Higgins* v. *Higgins,* 46 Cal. 259; *West* v. *McMullen,* (Supreme Court of Missouri), 20 S. W. 628.

After a somewhat careful search of the authorities we have not been able to find other cases directly in point; but we believe that the decisions just cited, which are directly in point, are in accordance with the spirit of our Constitution and our former decisions bearing on the question. The general rule is that a remarriage by a widow will not operate to destroy the homestead character of a home left to her and her children by a former husband. Our Constitution does not require a widow to occupy the homestead. There is nothing in it to indicate that the framers intended that the marriage of a widow and her going to her second husband's homestead and occupying it with him, should work a forfeiture of her previously existing legal rights. In short, there is nothing in our Constitution to indicate that the right of homestead of a widow should terminate should she remarry and go to live with her husband on his homestead; and we do not think such an act on her part destroys the homestead character of a then existing homestead of herself and her children by her former husband.

The decree will be affirmed.