Rodney Len Rios v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-016-CR

     RODNEY LEN RIOS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 31045 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Rios pled nolo contendere to the offense of indecency with a child. He was sentenced on
December 15, 1997, to nine years’ confinement in prison. He filed a pro-se notice of appeal on
January 16, 1998. 
      A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be
filed within thirty days after the sentence is imposed, or within ninety days if a timely motion for
new trial is filed. See Tex. R. App. P. 26.2. There is no motion for new trial in the clerk’s
record; consequently, Rios’ notice of appeal was due within thirty days of December 15, 1997.
      Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule
26.3 allows the appellate court to extend the time for an appellant to file a notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the party files the notice of
appeal and a motion requesting an extension of time to file the notice. Tex. R. App. P. 26.3.       Without a timely filed notice of appeal, or a timely filed motion to extend the time to file a
notice of appeal, the appellate court has no jurisdiction over an appeal. Olivo, 918 S.W.2d at 522-23. Rios’ notice of appeal was due on January 14, 1998. He failed to file a motion to extend
time. Thus, his notice of appeal is untimely. This court has no jurisdiction over his appeal, and
it must be dismissed.
      The cause is dismissed for want of jurisdiction.
                                                                                           PER CURIAM
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed October 14, 1998
Do not publish



3 S.W.2d 6, 8
(Tex. Crim. App. 1993). This he did not do. Thus, he cannot now complain about the defect in
this court. Point one is overruled.
      In point two, Lockett claims that the court erred by admitting evidence of his self-incriminating statement at the scene. He argues that he was under arrest at the time of the
statement and, because the statement was not recorded, it is admissible only if it led to the
discovery of evidence establishing his guilt. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c). 
The State replies that the statement was admissible as res gestae of the arrest under section (5) of
article 38.22, which provides, "Nothing in this article precludes the admission of a statement made
by the accused . . . which is res gestae of the arrest . . . ." Id. art. 38.22, § 5. 
      A statement is res gestae when it is made in response to a startling event, spontaneously,
without time for reflection or fabrication. Davis v. State, 780 S.W.2d 945, 947 (Tex. App.—Fort
Worth 1989, pet. ref'd). An arrest qualifies as such a startling event. Id. The rule of res gestae,
as indicated by the statute, is superior to the rules regarding the admissibility of confessions or
other admissions after arrest. Miles v. State, 488 S.W.2d 790, 792 (Tex. Crim. App. 1972). That
the statement is made in response to an inquiry does not render it inadmissible. Harryman v.
State, 522 S.W.2d 512, 516 (Tex. Crim. App. 1975). Thus, the Court of Criminal Appeals
concluded that the admission of the statement, "You know what it is. It is heroin," by the
defendant when asked by the arresting police officer, "What is this?" was not error. Id. Because
the facts in Harryman are essentially identical to the facts here, point two is overruled.
      In his third point, Lockett challenges the sufficiency of the evidence to support the jury's
conclusion that he possessed the cocaine. See Martin v. State, 753 S.W.2d. 384, 387 (Tex. Crim.
App. 1988); Collins v. State, No. 10-94-119-CR, slip op. at 5 (Tex. App.—Waco, December 14,
1994, no pet. h.). However, Gails testified extensively to Lockett's care, custody, control, and
management over the cocaine, and his statements indicating that he knew it was cocaine. See id. 
Additionally, her testimony is corroborated by the testimony of Shaw and Jones concerning
Lockett's statement when confronted with the cocaine. See Gill v. State, 873 S.W.2d 45, 48 (Tex.
Crim. App. 1994). Thus, the evidence is sufficient, and point three is overruled.
       The judgment is affirmed.



                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 1, 1995
Do not publish