COATES v. DORTCH.

Opinion delivered July 12, 1920.

FRAUDS, STATUTE OF—PART PAYMENT.—Where the mortgagor of land was in possession after foreclosure sale with the right to redeem, an oral agreement to extend the period of redemption on specified terms, followed by acceptance of part of the redemption money pursuant to this agreement, is sufficient to take the transaction out of the operation of the statute of frauds.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*J. C. Marshall*, for appellants.

1. There is no proof whatever pointing to a trust. If Coates had bought under a verbal agreement to hold the property for Dortch and failed to do so, there could be no trust unless there was added an element of fraud by Coates preventing other arrangements by Dortch to

buy the land or by preventing bidding by others and thus securing the land at less than its value. 101 Ark. 455; 73 *Id.* 313; 45 *Id.* 511; 41 *Id.* 400; 19 *Id.* 39; 75 *Id.* 451; 3 Pom., Eq. (3 ed.), § 1056. If Coates had been attorney for Dortch, he would have to be convicted of bad faith to establish a trust, whereas the court held that he acted in good faith. 136 Ark. 430. The proof shows that Coates acted in his individual capacity and not as attorney, and no fraud is proved. 76 Ark. 16. A trust is never presumed or implied unless, taking all the circumstances, that is, the fair and reasonable interpretation of the acts and transactions. 26 Ark. 250; 73 *Id.* 313. This is not a case of trust *ex maleficio.* 2 Pom., Eq., par. 1056; 114 Ark. 138; 109 *Id.* 337. Parol evidence of constructive trusts is received with great caution and the evidence must be clear and satisfactory. 11 Ark. 82; 19 *Id.* 39; 44 *Id.* 365; 45 *Id.* 476; *Ib.* 483; 48 *Id.* 169; 64 *Id.* 160; Perry on Trusts, par. 137.

2. Title to real estate can not be overturned by a bare preponderance of oral testimony seeking to establish a trust in opposition to written instruments. 73 Ark. 313. There must be an element of positive fraud by which the legal title is wrongfully acquired; a mere parol promise is not sufficient. 109 Ark. 338; 116 *Id.* 377; 113 *Id.* 40; 109 *Id.* 152. See, also, 3 Pom., Eq., par. 1056; 114 Ark. 137; 75 *Id.* 451. A trust must arise out of the original transaction when the title passes, and can not be mingled with any subsequent dealings, and it is impossible to raise a trust so as to divest title by the subsequent application of another party, to the satisfaction of the unpaid purchase money. Here the dealings of the parties did not create a trust. There was no delivery of possession and the payment of the consideration alone was not sufficient to create a trust. 136 Ark. 328; 44 *Id.* 334; 21 *Id.* 533; 18 *Id.* 466. Improvements must be of permanent and valuable character, exceeding the rents. 82 Ark. 45-46; 44 *Id.* 341; 136 *Id.* 452. Possession must be taken under the contract and with a view to it, and in pursuance of its provisions. 44 Ark.

339; 136 *Id.* 452; 76 *Id.* 363; 75 *Id.* 528; 63 *Id.* 105; 132 *Id.* 487. Nothing is considered a part performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed. Story's Equity (12 ed), § 761; 44 Ark. 339. In this case no verbal agreement for the purchase of the lot is relied on and, if it were, there was no possession taken under nor improvements made. The proof of payments is not sufficient to show a sale. 56 Ark. 146; 49 *Id.* 309. There is no memorandum in writing showing the terms and conditions of sale to satisfy the requirements of the statute of frauds. 56 Ark. 146. The contract must be clearly established. 103 Ark. 556; 8 A. & Eng. Enc. L. (1 ed.), 710.

*Carmichael & Brooks,* for appellees.

1. The abstract of appellant does not comply with rule 9. 89 Ark. 349; *Ib.* 222.

2. This case was not appealed in time. K. & C. Dig., § 1314.

3. Appellant here was attorney and trustee for appellees, and the decree is correct upon the merits. 73 Ark. 575.

McCULLOCH, C. J. The subject-matter of this controversy is a house and lot in the city of Little Rock, owned originally by appellee Dortch, who mortgaged it to a trust company of this city, and the mortgage was foreclosed under a decree of the chancery court. The sale by the court's commissioner took place on March 12, 1915, and appellant Coates became the purchaser for the price of $982. A few days after the sale Dortch went to appellant and told the latter that he had intended to get some one to buy the property in and give him a chance to pay it out. Whereupon appellant told Dortch that he would accept repayment of all that he was out on the property, together with the taxes and another debt of $57.50 which Dortch owed to appellant, and that he would reconvey the property to Dortch on the completion of such payments. This was a verbal agreement between

the parties and Dortch paid the old debt and a part of the accrued taxes, and about three months after the sale he began to pay rent to appellant for the use of the property—Dortch having remained in possession after the sale and having continued to do so up to the present time. Appellant borrowed $800 from a bank to pay for the property, and, on account of Dortch and his wife being in possession, they, at the suggestion of the bank, joined appellant in the execution of the note and mortgage. This was on August 12, 1915, the day before the sale to appellant was confirmed by the court. There is a conflict in the testimony as to whether or not appellant knew this, but the finding that appellant did know it is not against the preponderance of the testimony. The mortgage was renewed several times thereafter as late as the year 1918, and Dortch and his wife joined in the renewals at the request of the bank. This debt to the bank was subsequently paid to the bank by Dortch, and he continued to make payment to appellant on the accrued taxes. In February, 1916, a friend of Dortch applied to appellant for a statement of the amount necessary for Dortch to pay to redeem the property from sale. Appellant replied to the inquiry by giving a statement of the amount necessary to redeem. In that statement he charged Dortch with the amount paid at the sale, together with the taxes on the property, and credited Dortch with the amount paid by him to appellant. He also charged Dortch with a fee of $50, which he testified was intended as compensation for his services and trouble in the transaction. In this statement he wrote that he bought the property to collect the debt Dortch owed him, expecting the property to be redeemed, as it was worth considerably more than the price paid for it.

Subsequently another oral agreement was entered into between Dortch and appellant in which the latter agreed to allow Dortch to pay $5 per month in addition to the monthly rental price, and that when all the purchase money together with the taxes should be paid, he would accept the sum so paid as a redemption of the

property from the sale. Dortch remained in possession, as before stated, and paid the rent of $10 per month and in addition made other payments of $5 per month for three months, and also paid the taxes on the premises. This continued for more than two years, and Dortch continued to pay the rent, but made no further payments in addition to the rent.

This action was instituted against Dortch to recover possession of the property, and it was transferred to equity and proceeded there to final hearing.

Dortch claimed in his answer that the purchase was made for him by appellant at the sale, and that he offered to pay off the balance due to appellant, and when the court rendered a decree in his favor this was done. It was conceded that appellant had the statutory right to redeem the property from the sale. The record evidence of the right of redemption in the mortgage was not introduced, but appellant's written statement to Mr. English, who was acting for Dortch in the negotiations with appellant, shows that appellant conceded that there was a right of redemption and offered to allow it to be done. During the period of redemption appellant accepted payments from Dortch on the amount to be paid in the redemption of the property from the sale. The amounts were small, it is true, but appellant's agreement was that in addition to these amounts he would apply the rent toward the redemption of the property.

Appellant pleaded the statute of frauds and that the verbal agreement is within the statute, but we think the circumstances of the case take it out of the operation of the statute. The fact that there was an oral agreement for the redemption on specified terms made within the time allowed for redemption and the payments made made thereon, together with the fact that Dortch bound himself to pay the mortgage to the bank, was sufficient to take the case out of the operation of the statute. This is not a case of an oral contract for sale of property to one already in possession, but it is a case where the original owner is in possession with the right to redeem and there

is an oral extension of the period of redemption on speci-
fied terms, and we hold that the acceptance of part of the
redemption money pursuant to this agreement is suffi-
cient to take the transaction out of the operation of the
statute of frauds.

It is contended that the question of redemption was
not presented in the pleadings; but the proof was di-
rected to that issue, without objections, and the plead-
ings should be treated as amended.

Decree affirmed.

HART, J., dissents.