SCHLUMPF *v.* SHOFNER.

4-7902                                          196 S. W. 2d 747

Opinion delivered October 7, 1946.

Rehearing denied November 4, 1946.

*Brooks Bradley,* for appellant.

*Taylor Roberts* and *June P. Wooten,* for appellee.

ROBINS, J. This suit was instituted in the lower court by appellee to require appellants to perform an agreement, as to redemption of appellee's home from foreclosure, which appellee alleged was made by appellee and Frank Schlumpf, Sr., holder of a mortgage on the property. From decree of the lower court awarding appellee the relief prayed by him appellant prosecutes this appeal.

In his complaint appellee alleged that he was the owner, subject to the rights of appellants, of a certain dwelling house, with appurtenant lots, in the city of Little Rock, Arkansas, wherein appellee had lived since 1902; that he had given a first mortgage on this property to J. T. J. Fizer and a second mortgage thereon to Frank Schlumpf, Sr., father of appellant, H. J. Schlumpf; that Fizer began a suit to foreclose his mortgage, which, owing to the depression then prevailing, would have resulted in Schlumpf's lien, as well as the equity of appellee, in the property being wiped out; that while the suit

was pending it was agreed between Frank Schlumpf, Sr., and appellee that if the Fizer mortgage could be bought for $500 less than due thereon Schlumpf would purchase it and allow appellee to redeem the property by making monthly payments until the entire amount of Schlumpf's outlay, and the debt owing to him, together with interest, and his advances for taxes, insurance and repairs, should be repaid to him; that in pursuance of this arrangement appellee assisted Schlumpf in purchasing the Fizer claim at a discount of approximately $500, and, acting as attorney for Schlumpf without fee, filed an intervention for Schlumpf in the foreclosure suit; that in accordance with the agreement Schlumpf became purchaser at the foreclosure sale for $3,575, which was almost exactly the amount he paid Fizer, and the balance due Schlumpf on his mortgage and the costs, and received deed from the commissioner; that appellee thereafter continued to occupy the premises, and, as had been agreed upon, made monthly payments to Schlumpf of $25 for the first six months, then $30 per month for twenty-four months, and thereafter, up to the death of Frank Schlumpf, Sr., for twenty-three months at the rate of $40 per month; that Schlumpf died on July 26, 1943, having willed the property to his son, the appellant, H. J. Schlumpf; that after the death of said appellant's father appellee continued to make to said appellant the monthly payments of $40 each for twenty-four months; that, relying on the agreement, he had made repairs on the property in December, 1944, at a cost of $250; that, though appellee was ready, able and willing to carry out his agreement and pay off the entire balance due by him, said appellant had refused to carry out the agreement; and the prayer of appellee was for a decree ordering specific performance of the said contract. Mrs. Julia Schlumpf, wife of H. J. Schlumpf, was afterwards made defendant.

Appellants' answer was a denial of all allegations of the complaint.

Appellee testified to substantially the facts set up in his complaint. The effect of the testimony of appellants

was a denial of any knowledge of the alleged agreement between appellee and the elder Schlumpf. There were shown by the evidence some circumstances tending to support the contention of appellants that appellee, after the foreclosure, remained on the property as tenant, first of the elder Schlumpf and later of the son, and, on the other hand, circumstances were proved which indicated that appellee's version of the matter was true. No witnesses, except the three parties to the suit, the mother of appellant, and the clerk of the probate court, who introduced certain records, testified at the trial.

Appellant, for reversal of the lower court's decree, urges these grounds:

I. That the oral contract relied on by appellee is void as contravening the statute of frauds.

II. That appellee should have been denied relief because he failed to pay or tender the entire mortgage indebtedness.

III. That appellee failed to make any substantial payment, or to pay the taxes and insurance, or to make any substantial improvement on the property.

IV. That the evidence adduced to establish the alleged oral contract did not meet the requirements of law as to oral testimony necessary to prove a trust or agreement as to land.

V. That appellee is barred by laches and estoppel.

### I.

It is argued by appellants that since appellee had, in the mortgage to Schlumpf, waived his statutory right to redeem, the alleged oral agreement was in reality one to re-purchase, rather than to redeem, and that therefore was such a contract as under the statute of frauds was required to be in writing.

By § 9473, Pope's Digest, the mortgagor is given the right, where the mortgage is foreclosed by proceeding in chancery court, to redeem within one year from the sale;

and this is the privilege which appellee waived in the face of the mortgage. But, in addition to the right of redemption created by said statute, every mortgagor has the right to redeem his property by payment (or by agreement made with the mortgagee) at any time up until the date fixed in the foreclosure decree. In the foreclosure decree involved herein appellee was given thirty days from the date of the decree to pay off the amount adjudged to be due from him. According to the testimony of appellee, the agreement was made with Schlumpf long before the decree was rendered; so that at the time said agreement was made appellee had the unquestioned right to pay off the debt and redeem his property; and therefore the asserted agreement was one to redeem, not to repurchase the property.

In 49 Am. Jur., p. 530, this statement is made: "The question has frequently been presented as to the effect of an oral agreement to enlarge the time for redemption from a sale under a mortgage or other lien on real property, and it has been held in many cases that an oral agreement to permit redemption or to extend the period for redemption after the expiration of the statutory period is not within the statute of frauds, such agreement not being regarded as a contract for the sale of land or a transfer of title thereto, and is therefore binding upon the parties, particularly where such an agreement has been acted on so far that the parties cannot be placed *in statu quo*."

Dealing with a similar question, the Kentucky Court of Appeals, in the case of *Webbs* v. *Hynes,* 9 B. Monroe, 388, 50 Am. Dec. 515, said: "The statute of frauds has no application to a contract of this character, which is not for the sale of land, or the transfer of title thereto, but merely to prolong the time, for the exercise of the right of redemption."

In the case of *Turpie* v. *Lowe,* 158 Ind. 314, 62 N. E. 484, the Supreme Court of Indiana said: "An agreement for an extension of the time of redemption, although not in writing, nor supported by any consideration excepting

the promise of the redemptioner to pay the amount to become due, with interest, when acted upon by the parties, is not within the statute of frauds.''

The Supreme Court of Illinois, in the case of *Ogden* v. *Stevens,* 241 Ill. 556, 89 N. E. 741, 132 Am. St. Rep. 237, said: ''A verbal agreement to extend the time for redemption from a judicial sale is valid and not affected by the statute of frauds.''

We said in the recent case of *Wood, Admr.,* v. *Conner,* 205 Ark. 582, 170 S. W. 2d 997:

''In the case of *Coates* v. *Dortch,* 145 Ark. 82, 224 S. W. 721, Chief Justice McCulloch said: 'The fact that there was an oral agreement for the redemption on specified terms made within the time allowed for redemption and the payments made thereon, together with the fact that Dortch bound himself to pay the mortgage to the bank, was sufficient to take the case out of the operation of the statute. This is not a case of an oral contract for sale of property to one already in possession, but it is a case where the original owner is in possession with the right to redeem and there is an oral extension of the period of redemption on specified terms, and we hold that the acceptance of part of the redemption money pursuant to this agreement is sufficient to take the transaction out of the operation of the statute of frauds.'

''In the case of *Webb* v. *Vercoe,* 201 Cal. 754, 258 P. 1099, 54 A. L. R. 1207, there appears an extended annotation upon the question of: 'Effect of oral agreement to enlarge time for redemption from payment under mortgage or other lien on real property,' and a large number of cases are cited by the annotator to the effect that an oral agreement to permit redemption, or to extend the period for redemption after expiration of the statutory period for redemption, is not within the statute of frauds. '

''Among other cases cited by the annotator are our cases of *McNeil* v. *Gates,* 41 Ark. 264, and *Littell* v. *Jones,* 56 Ark. 139, 19 S. W. 497, with the comment that 'the

following additional cases recognize that such an agreement may not be within the statute of frauds, although on their facts it did not become necessary to consider the question.'

"Other cases are cited by the annotator to support the statement that 'upon a somewhat different theory, the following cases hold a purchaser at an execution, tax, or foreclosure sale who has entered into an agreement to permit redemption or extend the time for redemption, and thereby cause the holder of the right of redemption to postpone the exercise of that right to a future period, cannot rely upon the statute of frauds to defeat the effect of his contract, since this would be permitting the statute, which was designed to prevent fraud, to be used as an instrument for its promotion.'

"These cases support the holding that the statute of frauds does not defeat Conner's right to the relief prayed. As the agreement made was that the lands would not be sold in consideration of the additional security and the agreement that Wood should collect and credit the rents on the mortgage debt, yet, notwithstanding this agreement, the mortgage was foreclosed, then and in that event a constructive trust arose. *Lewis* v. *Bush,* 171 Ark. 192, 283 S. W. 377; *Haskell* v. *Patterson,* 165 Ark. 65, 262 S. W. 1002; *Trevathan* v. *Taylor,* 177 Ark. 499, 6 S. W. 2d 835; Scott on Trusts, §§ 444-484. We conclude Conner was entitled to the relief granted and that the right of redemption should be accorded him."

In the case of *Littell* v. *Jones,* 56 Ark. 139, 19 S. W. 497, cited by appellants, it was held that an oral contract to permit redemption, made *after* the title of the lienholder has become perfect by a sale to him, was barred by the statute of frauds. But in the case at bar the alleged contract as to redemption was made long before the sale and at a time when appellee could have stopped the foreclosure proceeding by paying the debt. And in the Littell case, *supra,* we said: "So long as the right to defeat the purchase exists, agreements to extend the time or modify the conditions for redemption have been held not to come

within the statute, for the defendant is in many respects regarded as the owner of the land, and by such agreements purchases nothing, but merely holds what he already has.''

We conclude that the contract relied on herein by appellee was not within the ban of the statute of frauds.

## II.

According to the testimony of appellee his agreement with Schlumpf was to repay him the entire amount of Schlumpf's outlay, including the amount paid for the Fizer debt and the amount of appellee's debt to Schlumpf; and this the appellee offered to do. He was not required, under the terms of the agreement as testified to by him, to repay to Schlumpf the entire amount of both mortgage debts, but only the amount Schlumpf paid Fizer and the amount loaned by Schlumpf, with interest and taxes.

## III.

The evidence shows that, after the alleged contract to redeem was entered into, appellee made payments to the elder Schlumpf, and to his son, appellant, H. J. Schlumpf, aggregating $2,750, and made improvements on the property at one time which he claimed cost $250. It cannot therefore be properly said that after the terms of redemption were agreed on, appellee failed to make any substantial payment.

## IV.

The lower court, with all the witnesses before it, had the advantage of an opportunity to observe the demeanor of the witnesses and their manner of testifying. The lower court found that appellee's version of the matter was correct. After a careful review of the record, we are unable to say that the testimony fails to support the lower court's finding in favor of appellee or that the testimony was not of the clear, cogent and convincing character required by the law in cases of this kind.

## V.

There was no testimony introduced in the trial below tending to show that appellee had been guilty of such laches as would defeat his rights in the premises. According to his testimony, he paid appellant and his father regularly and in accordance with the agreement, and, when he found that appellants were denying the agreement, appellee, without delay, brought suit to enforce the contract. Nor was any element of estoppel against appellee shown. The party invoking estoppel must ordinarily show that on account of the action or conduct of the party against whom it is asked he has been put in a more disadvantageous position than he would otherwise have occupied. Nothing in the testimony indicates that anything done by appellee, caused appellants or their predecessor in title to assume a different position in the matter than either of them would otherwise have occupied. "To give rise to an estoppel, one must show that he, in good faith, relied upon the other's conduct or statements to his prejudice." *Norton v. Maryland Casualty Company,* 182 Ark. 609 (headnote 3), 32 S. W. 2d 172.

No error appearing, the decree of the lower court is affirmed.

Minor W. Millwee, Justice, dissents.